1 | Sheila E. Fix (State Bar No. 138613)
sfix@wshblaw.com
2 | Sean O'Connor (State Bar No. 316674)
soconnor@wshblaw.com
3 | **WOOD, SMITH, HENNING & BERMAN LLP**
505 North Brand Boulevard, Suite 1100
4 | Glendale, California 91203
Phone: 818 551-6000 ♦ Fax: 818 551-6050
5 |
6 | Attorneys for Defendant GS BURGERS, INC. (erroneously sued and served as GOOD STUFF BURGER)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CARMEN JOHN PERRI, an individual, <br><br> Plaintiff, <br><br> v. <br><br> GOOD STUFF BURGER, a business of unknown form; 11901 OLYMPIC, INC., a California corporation; and Does 1-10, <br><br> Defendants. | Case No. 2:18-cv-03427 ODW (GJSx) <br><br> **DEFENDANT GS BURGERS INC.'S CASE STATEMENT** <br><br> The Hon. Otis D. Wright, II, Courtoom 5D <br><br> Mediator: Steven M. Schneider, Esq. <br> Date: September 6, 2018 <br> Time: 1:30 p.m. <br> Place: 11377 W. Olympic Blvd., Los Angeles, CA 90064 <br><br> Trial Date: None Set |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Defendant GS BURGERS, INC. (erroneously sued and served as GOOD STUFF BURGER) hereby submits Defendant's Case Statement in advance of the mediation set for September 6, 2018.

/ / /

/ / /

/ / /

/ / /

## I. PARTIES AND COUNSEL

| PARTY | COUNSEL |
|---|---|
| Plaintiff, CARMEN JOHN PERRI | Craig G. Cote, Esq.<br>Manning Law, APC<br>4667 MacArthur Boulevard<br>Suite 150<br>Newport Beach, CA 92660 |
| Defendant, GS BURGERS, INC. (erroneously sued and served as GOOD STUFF BURGER) | Sheila E. Fix, Esq.<br>Sean R. O'Connor, Esq.<br>Wood, Smith, Henning & Berman, LLP<br>505 N. Brand Blvd. Suite 1100,<br>Glendale, California 91203 |
| Defendant, 11901 OLYMPIC, INC. | Jason Saccuzzo, Esq.<br>Vivoli Saccuzzo, LLP<br>2550 Fifth Ave., Suite 709<br>San Diego, California 92103 |

## II. FACTUAL BACKGROUND

Plaintiff maintains he is a disabled individual who relies upon a wheelchair and other devices for mobility. Court records indicate Plaintiff has filed over 173 lawsuits alleging violations of the ADA since July of 2017. In the instant action, Plaintiff contends that he encountered barriers to access when he visited Good Stuff Burger located in a shopping center at 11903 W. Olympic Blvd., Los Angeles, CA 90164 on April 8, 2018. Defendant GS Burgers, Inc.("Good Stuff") is the operator of Good Stuff Burger and leases the space in the shopping center from Defendant, 11901 OLYMPIC, INC. Multiple tenants lease spaces in the shopping center at issue.

## III. GOOD STUFF BEARS NO LIABILITY FOR PLAINTIFF'S CLAIMS

Plaintiff alleges violations of the Americans with Disabilities Act of 1990 and the Unruh Civil Rights Act against Defendants Good Stuff and 11901 Olympic.

///
///

The specific allegations are discussed in detail below.

A. **Common Area Claims**

Plaintiff alleges that he encountered the following barriers in the common areas of the shopping center:

- The designated disabled parking has a curb ramp that projects into the access aisle; and
- The curb ramp is in excess of the 2% maximum grade allowed.

With respect to the claims relating to the parking lot, these claims concern the common areas over which Good Stuff has no control and for which Good Stuff has no responsibilities for operation or maintenance. Responsibility for these alleged conditions lies solely with the landlord or others. Good Stuff is informed and believes that 11901 OLYMPIC, INC, will address the contentions regarding these common area claims.

B. **Restaurant Premises Claims**

As to the premises leased by Good Stuff, Plaintiff claims the following:

- The restroom sink has exposed drain pipes; and
- The restroom door lacks adequate clearance.

Good Stuff denies liability for these claims. The restaurant premises met applicable standards at the time of the build out, and Good Stuff made no alterations or modifications that impacted compliance. Regarding the restroom sink pipes at issue, the pipes were insulated at the time of the build out of the restaurant space on behalf of Good Stuff and the pipes are still insulated to this day. Accordingly, Good Stuff denies responsibility for any purportedly missing insulation as of the time of Plaintiff's claimed visit to the restaurant on April 8, 2018. See a photo of the insulated drain pipes, which is attached hereto as **Exhibit "A"**.

Regarding the restroom door that lacks adequate clearance, Good Stuff retained a Certified Access Specialist, Karen Haney, to evaluate the allegations in advance of the mediation. The leased restaurant space is extremely narrow with the

bathroom, kitchen, and service areas tightly packed. As a result, there is no direction in which more clearance might be created for the door. The kitchen is immediately to the side of the bathroom, and the kitchen space is exceedingly narrow. Were the wall to be extended in the direction of the kitchen, it would close off the pathway in the kitchen. It is not possible to extend the wall in the other direction as the bathroom abutts another tenants' space. Further, even if such a structural alternation were to be feasible (which it is not), it would be cost prohibitive for this small owner operated business. For all these reasons, any alterations are not readily achievable.

Under the ADA, an entity is liable for discrimination only when it fails to remove architectural barriers that are structural in nature only where "such a removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv) The term "readily achievable" means easily accomplishable and able to be carried out without much difficulty or expense. See 42 U.S.C. § 12181. Plaintiff has not and cannot show a method of removing the barrier that is "easily accomplishable and able to be carried out without much difficulty or expense." See Californians for Disability Rights V. Mervyn's LLC (2008) 165 Cal.App.4th 571, 592.

In the instant matter, it is clear that alterations of the bathroom are not readily achievable. First, as discussed above, any widening of the bathroom would close off the path of travel in the kitchen (or impinge on a neighboring tenant's space). Even if modifications were feasible from a structural standpoint, they are not feasible from a financial standpoint. Good Stuff owns and operates this restaurant alone, and the restaurant employs no more than 10 employees. It simply does not have the financial resources to structurally alter the interior of its restaurant. Based on Good Stuff's small size, limited financial resources, and the physical constraints of the leased premises, altering the bathroom is not readily achievable. Because the instant structural alteration is not readily achievable, Plaintiff cannot meet his burden of proof.

Accordingly, for all these reasons, Good Stuff ought bear no responsibility for Plaintiff's claims.

## IV. PLAINTIFF OUGHT RECOVER NO DAMAGES FROM GOOD STUFF

In his statement, Plaintiff claims that he is entitled to $22,000 in total monetary consideration including $12,000 in total statutory damages. In calculating these damages, he maintains he is entitled to $4,000 in statutory damages for the alleged barriers identified in the bathroom and an additional $4,000 in statutory damages for the barriers identified in the parking lot. In anticipation of the mediation, Plaintiff has also made a demand of $10,000 in attorneys' fees and costs. Finally, he seeks injunctive relief requiring the removal of all access barriers at the property.

For the reasons discussed in the liability section, Good Stuff ought not bear responsibility for any statutory damages. Good Stuff is informed and believes the restaurant premises met applicable standards at the time of the build out, and Good Stuff made no alterations or modifications that impacted compliance. Plaintiff's claim that the drain pipes in the bathroom were not insulated is unfounded, and any modifications to provide additional clearance for the bathroom door are not readily achievable.

Even if Plaintiff were entitled to statutory damages from Good Stuff (which he is not), any such damages ought be limited to Good Stuff's proportional responsibility for $1,000 in damages. *See* California Civ. Code §55.56. For the same reasons, Good Stuff ought bear no responsibility for the fees and costs Plaintiff claims to have incurred. Good Stuff also notes that the fees and costs appear excessive given the stage of this litigation and the fact that Plaintiff has filed at least 173 similar actions.

///

///

## V. CONCLUSION

For all the reasons discussed above, Good Stuff ought bear no liability. Nonetheless, Good Stuff comes to the mediation prepared to participate in good faith and appreciates the Mediator's assistance in seeking to resolve this matter.

DATED: August 29, 2018    WOOD, SMITH, HENNING & BERMAN LLP

By: _____
SHEILA E. FIX
SEAN R. O'CONNOR
Attorneys for Defendant GS BURGERS, INC.
(erroneously sued and served as GOOD STUFF BURGER)

# EXHIBIT "A"



# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 505 North Brand Boulevard, Suite 1100, Glendale, CA 91203.

On August 29, 2018, I served the following document(s) described as **DEFENDANT GS BURGERS INC.'S CASE STATEMENT** on the interested parties in this action as follows:

> Joseph R. Manning, Jr., Esq.
> Michael J. Manning, Esq.
> Craig G. Cote, Esq.
> Manning Law, APC
> 4667 MacArthur Boulevard
> Suite 150
> Newport Beach, CA 92660
> Tel: (949) 200-8755
> Email: ADAPracticeGroup@manninglawoffice.com
> **Attorneys for Plaintiff CARMEN JOHN PERRI**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 29, 2018, at Glendale, California.

_____
Andrea L. Session

LEGAL:10453-0705/9801183.1             -1-             Case No. 2:18-cv-03427 ODW (GJSx)
DEFENDANT GS BURGERS INC.'S CASE STATEMENT